**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**
**ex rel. KEVIN GRAY**                                                            **PLAINTIFF**

**v.**                                      **No. 3:15cv127-MPM-JMV**

**MITIAS ORTHOPAEDICS, PLLC,**
**and HANNA M. MITIAS, M.D.**                                        **DEFENDANTS**

**ORDER**

This matter is before the court on the opposed motion of the Plaintiff to amend the complaint in intervention [105]. For the reasons discussed below, the motion to amend the complaint is granted.

It is well recognized both that the Court should freely grant leave to amend when justice requires it,[1] and when leave to amend is sought after the expiration of a court ordered deadline, good cause for modification of the deadline is required prior to application of the more liberal standard of FED. R. CIV. P. 15(a). *E.E.O.C. v. Landau Uniforms, Inc.,* 287 F.R.D. 385, 386 (N.D. Miss. 2013). The 5th Circuit has explained that the following factors are relevant to a finding of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d. 541, 546 (5th Cir. 2003)).

In the instant case, the deadline for filing motion to amend per the case management order was February 1, 2021, and the instant motion to amend was not filed until May 14, 2021. In opposing the motion to amend, Defendants make several arguments:

---

[1] *See* FED. R. CIV. P. 15(a).

(1) that there is no good cause shown for it because the new claims made are futile – namely, that they are barred, at least in part, by the applicable statute of limitations; (2) in so far as the newly added "reverse false claim act" cause of action is concerned, the facts in support thereof do not state such a cause of action under *Ashcroft v. Iqbal*, 556 U.S. 662, (2009); and (3) that the above referenced factors to be considered in cases where good cause for amendment is at issue weigh in favor of disallowing the amendment. *See* Dkt. 119.

The court has considered these arguments and finds, nevertheless, that the amendment should be permitted because while ultimately it may be demonstrated that the statute of limitations – either due to failure of the amendments to relate back to the original complaint or otherwise – applies to some or all of the amended claims, that is not a matter sufficiently clear on this record so as to constitute futility. This is particularly so given that it is conceded that irrespective of any argument regarding relation back, some portion of the amended claims may likely not be barred under the applicable statute of limitations. Similarly, though Defendants make a reasoned argument for their position that the reverse false claims cause of action fails to state a claim as pled, that is a contested legal issue with authorities apparently existing on both sides.

Finally, in so far as the good cause factors are concerned, the court finds, on the whole, they weigh in favor of allowing the amendment. Namely, the Plaintiff has offered some seemingly legitimate reasons why it is late moving to amend and an explanation of why the amendments, which will apparently narrow at least some of the claims, are important. Further, though both parties assert the presence and/or absence of prejudice, neither has stated these positions with any particularity, nor does any party suggest the need for a continuance. Consequently – particularly given that discovery is still underway in the case and the defense depositions are just beginning – the undersigned is persuaded that the factors in favor of the amendment outweigh those against.

This is particularly the case where, as here, permitting the amendment does not foreclose the Defendants' substantive arguments.

As such, the Plaintiff is directed to file the amended complaint within two (2) business days from the date of this order.

**SO ORDERED** this, the 17th day of June, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**