**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA
ex rel. KEVIN GRAY**                                                       **PLAINTIFF**

**V.**                                                         **NO.: 3:15-CV-127-MPM-JMV**

**MITIAS ORTHOPAEDICS, PLLC,
AND HANNA M. MITIAS, M.D.**                                         **DEFENDANTS**

**ORDER**

This matter is before the court on Defendant Mitias Orthopaedics, PLLC's Motion to Compel Responses to the First Set of Interrogatories, Requests for Production and Requests for Admissions Propounded to the Intervening Plaintiff. [152]. For the reasons outlined briefly below and discussed at the hearing on August 19, 2021,[1] the court grants the motion in part and denies it in part as follows.

Interrogatories Nos. 2 and 4, for which the Defendants seek to compel further responses, seek the name and contact information of every employee of numerous government agencies over a 13-year period with any involvement in any administrative or investigative proceeding concerning the manufacture and distribution of Hyaluronic acid without FDA approval. As such, they are overly broad and not proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1).

Of significance here, and as discussed in the court's 8/26/21 order on Defendant's Motion to Compel the 30(b)(6) deposition of the FDA, the Government has significantly narrowed its claims. As narrowed, neither Interrogatories Nos. 2 or 4 nor Request for Productions Nos. 2 or 3 is relevant and proportional to the needs of the case.

---

[1] The court further incorporates herein by reference its discussion of the relevant matters at issue in this case as outlined in its memorandum opinion on Defendants' Motion to Compel a 30(b)(6) Deposition of the FDA dated August 26, 2021.

As for Requests for Admissions Nos. 2 and 3, on the other hand, they are relevant to the extent they concern the Government's investigation into the safety and efficacy of the compounded hyaluronic acid at issue in this case. The relevance of this subject is discussed in the aforementioned Order dated August 26, 2021. To this extent, the instant motion to compel is granted.

Finally, the court finds further responses to Requests for Admissions for Nos. 4, 5, and 6 are warranted as not overly burdensome and relevant.

Except to the extent permitted herein, the motion to compel is denied.

**SO ORDERED**, this, the 26th day of August, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**