**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA
ex rel. KEVIN GRAY**                                                                                  **PLAINTIFF**

**v.**                                                                                          **NO.: 3:15-CV-127-MPM-JMV**

**MITIAS ORTHOPAEDICS, PLLC,
AND HANNA M. MITIAS, M.D.**                                                                  **DEFENDANTS**

**ORDER**

This matter is before the Court on Defendants' motion to strike evidence of new claims and losses, or in the alternative, to extend the discovery deadline and continue the trial [193]. For the reasons discussed below, the motion to extend the discovery deadline is granted. The undersigned has been instructed that the motion to continue the trial will be taken up by the district judge. In all other respects, the motion is denied.

The relevant procedural history of this case has been set out in the briefing on the instant motion and will not be repeated herein except in summary form as follows: Until August 24, 2021, the representatives of the United States of America responsible for prosecuting this action were unaware of an additional $543,385.94[1] in damages claims over and above those previously sued upon in this action. It is represented by the Government that these additional claims, like the original ones, are for monies paid to defendants for the provision of compounded hyaluronic acid at the higher rates set for reimbursements for brand name hyaluronic acid. The Government's counsel acknowledges that although its contractor responsible for handling payment of these particular claims has had this information since before the inception of this lawsuit, representatives

---

[1] The total figures are $2,401,614.00 in additional false bills and claims submitted resulting in $543,385.94 in additional dollars paid to Defendants.

of the Government responsible for pursuing this action were unaware of the information. According to the Government's counsel the explanation for this circumstance is simply that all of the relevant information was timely requested from the appropriate government contractor, Qlarant, on more than one occasion, but, without notice, Qlarant, inadvertently provided incomplete information. On the other hand, while conceding this error, the Government asserts the mistake was contributed to by the Defendants' failure to respond to an interrogatory propounded on April 16, 2021,[2] which would have, had it been properly responded to, revealed these additional claims or sufficient information from which the Government would have earlier recognized the error.

There are four factors a court must consider in resolving a motion to strike evidence: "(1) the explanation for the failure to earlier disclose the evidence; (2) the importance of the evidence; (3) prejudice to the opposing party; and (4) the availability of a continuance to cure any prejudice." *Davenport v. Hansaworld USA, Inc.*, No. 2:12cv233–KS–MTP, 2015 WL 3885425 at *5 (citing *Geiserman v. MacDonald*, 898 F.2d 787, 791 (5th Cir. 1990)).

In this case, the undersigned finds that the Government's failure to have earlier identified the "new claims" from its own contractor was, while sloppy, not intentional, and the error was enhanced by the Defendants' failure to properly respond to discovery requests that unquestionably sought this very information. As for the importance of the "new" evidence, that is obvious given the significant amount of the additional claims.

---

[2] The interrogatory read: "During the relevant time period, please identify and list each claim submitted to Government Insurance that includes a request for reimbursement under any of HCPCS codes J7321 through J7327, including, but not limited to, those claims identified in the spreadsheets provided by the United States in its initial disclosures (Initial Disclosure II-1), where the product used was manufactured by U.S. Compounding or Peoples Custom RX, and please state the amount paid to you for each claim." And, the "relevant time period" was defined in the propounded discovery as 2008 through 2015.

Further, the undersigned finds that there is no prejudice to the Defendants – inasmuch as the existence of these additional claims was certainly known to them all along and the only prejudice suggested- not enough time remaining to complete discovery by the deadline – can be remedied.

In accordance with the above, it is hereby ordered that the discovery deadline in this action is extended to January 31, 2022, and the *Daubert* and dispositive motion deadlines are extended until February 21, 2022. As indicated earlier, the district judge will take up the matter of the necessity for a trial continuance. In all other respects the motion is denied.

**SO ORDERED**, this, the 20th day of September, 2021.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**