# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**UNITED STATES OF AMERICA**
ex rel. KEVIN GRAY                                                                                                       PLAINTIFF

v.                                                                                                    No. 3:15cv127-MPM-JMV

**MITIAS ORTHOPAEDICS, PLLC,**
**and HANNA M. MITIAS, M.D.**                                                                      DEFENDANTS

## ORDER

This matter is before the court on the Relator's Motion to Quash Subpoena [237]. For the reasons discussed, the motion is granted as modified below. The Defendants in this action have served a subpoena on Ferring Pharmaceuticals, Inc., Relator Kevin Gray's former employer, for a copy of Relator Gray's personnel file:

> including but not limited to, all employment applications; educational information; resumes; records of all positions held; job descriptions of positions held; salary records performance evaluation and reports; complaints; commendations or awards; attendance records; W-2's; correspondence; notes and memorandums; investigations; [and] reports of any kind concerning his employment with Ferring Pharmaceuticals.

Dkt. 236.

The Relator moves for an order pursuant to Fed. R. Civ. P. 26(c) and 45(d)(3) to quash Defendants' subpoena.[1]

In support of its subpoena, the Defendants contend, essentially, that Relator will testify about his meeting in April 2015, with Defendants and will state that certain disputed statements/actions were made thereat by one or more participants for Defendants. Defendants contend this dispute over what was said and/or done at the meeting makes Relator's credibility an issue and therefore, relevant.

---

[1] Courts in this circuit have broadly permitted standing where a party can show a "personal interest" in the documents sought. *See, e.g., J.T. Shannon Lumber Co. v. Gilco Lumber, Inc.*, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008) (standing to seek to quash subpoena for personal documents and email accounts from internet service provider).

This court adheres to Fed. R. Civ. P. 26(b)(1), which states in pertinent part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*See Alston v. Prairie Farms Dairy, Inc.*, 4:16-cv-245-DMB-JMV, 2017 WL 4274858, at *2 (N.D. Miss. Sept. 26, 2017) (Virden, M.J.). Alternatively, the Court may quash a subpoena that is facially overbroad or subjects either the moving party or the non-party to undue burden. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (listing factors, including relevance, the need for the documents, the breadth and temporal scope of the document request, and the burden imposed).

Furthermore, this court recognizes an "inherent privacy interest" in employment records. *E.E.O.C. v. Knight Transp., Inc.*, 2008 WL 4056189, at *1 (N.D. Miss. Aug. 25, 2008). Accordingly, "[t]he mere possibility that something [a][Defendant] could fish out of the personnel records of every employer who employed Plaintiff ... does not justify [a][Defendant's] present broad sweeping attempt to discover such private information"; rather, they "must demonstrate a specific reason why the information is relevant to the particular claims and defense in the case at hand." *Alston* at *1-2 (quoting *Reed v. Madison Cnty.*, No. 3:16-cv-51-WHB-JCG, 2016 U.S. Dist. LEXIS 189314, at *5-6 (S.D. Miss. Nov. 1, 2016) (internal citation omitted)).

In the court's view, it is plain that, as served, the subpoena at issue is overly broad and seeks production of multiple documents over many years not relevant even on such a general topic as the Relator's credibility. By way of example only, the subpoena seeks all of the Relator's salary

information and attendance records for years. No rational argument for production of this material as relevant in this case has been or could be made.

Instead, in this case, the Government and Relator have heretofore represented that, aside from certain tangential clinical service-related issues pertaining to ultrasounds and injections not pertinent here, the only surviving issues are "whether Defendants knowingly used a billing code for a product that was not covered by that billing code." *See* [167] at 2. And even if incorrectly billed for under the wrong code, could the Defendant have been reimbursed for the compounded hyaluronic acid under Code J3490, thereby entitling them to an offset against monies, if any, found to be owed as result of the alleged incorrect billing? On this second issue, the question is whether the billed for product was "safe and effective."

Given that these are the issues in this case (aside from the clinical services referenced above), the court orders that the subpoena is hereby modified to call for the production of only performance evaluation and reports; complaints; commendations or awards, correspondence; notes and memorandums; investigations; [and] reports but only to the extent they address or concern one of the following topics: (1) any defendant; (2) the meeting of April 2015 between Relator and Defendants; (3) the miscoding of a non-branded HA as a branded product; (4) the safety and efficacy of the compounded HA at issue in this case; (5) reimbursement for compounded HA under Code J3490.

The review of these categories of documents for purposes of producing only ones touching on the subjects outlined herein may be done, at the election of the subpoenaed party, by it or these categories of documents in general may be produced to the undersigned in chambers for in camera review for this narrowing purpose. Should the subpoenaed party elect to do the narrowing, it must respond to the subpoena by ten (10) business days from the date of this order. Alternatively, it

should produce the categories outlined to the undersigned in chambers no later than three (3) business days from the date of this order.

  **SO ORDERED** this, the 6th day of December, 2021.

                /s/Jane M. Virden
                **UNITED STATES MAGISTRATE JUDGE**