**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**UNITED STATES OF AMERICA,
ex rel. KEVIN GRAY**                                                  **PLAINTIFF**

VS.                                    **CIVIL ACTION: 3:15-CV-000127-MPM-JMV**

**MITIAS ORTHOPAEDICS, PLLC,
and HANNA M. MITIAS, M.D.**                                   **DEFENDANTS**

## ORDER

      This cause comes before the court on the motion of defendant Hanna M. Mitias, M.D. ("defendant"), seeking for this court to reconsider its decision to reserve for trial a ruling upon his motion for partial summary judgment on statute of limitations issues. In so moving, defendant argues that his statute of limitations defense is so clearly meritorious that it should be granted now and that the litigation of this matter would be advanced by this court's doing so. This court disagrees, and it would go so far as to state that, if it were required to resolve the statute of limitations issue now, then it is unlikely that it would do so on terms favorable to defendant. In so stating, this court notes that it harbors considerable skepticism regarding some of the factual representations made by defendant in seeking partial summary judgment, particularly as it relates to whether the "knowledge" aspects of certain limitations defenses are met. Mitias' knowledge in this regard is of considerable importance, since it is undisputed that, in an apparent oversight, he was not personally named as a defendant in this lawsuit when it was

1

initially filed in 2015,[1] and he was not included as such until after the government had intervened and filed an amended complaint on February 21, 2020.

In seeking partial summary judgment, Mitias argues that the February 21, 2020 amended complaint is controlling for purposes of the six-year FCA statute of limitations and that, as such, any claims which arose prior to February 21, 2014 should be deemed time-barred.  For its part, however, the government relies upon an FCA-specific "relation back" provision set forth in 31 U.S.C. § 3731(c), which it describes as follows:

> In a False Claims Act case, it is the Government, not the relator, who is the real party in interest. Until the Government intervenes, however, it has no mechanism under the statute or federal rules to amend a relator's complaint. Were the Government's complaint in intervention to not relate back to the relator's, the Government could be required to intervene before it has the opportunity to complete its investigation simply to ensure that every potential defendant is named, some of whom may be innocent of the allegations. The federal legislature recognized the problems inherent with limiting the Government to limited or defective pleadings filed by a relator, and so, in 2009, it amended the False Claims Act to expressly impose relation back as to "any additional claims with respect to which the Government contends it is entitled to relief" if they arise out of the same "conduct, transactions, or occurrences set forth, or attempted to be set forth" in the relator's complaint. 31 U.S.C. § 3731(c); see also FERA, Pub. L. No. 111–21, § 4(b)(3), 123 Stat. 1617, 1623 (2009).1 As noted by Senator Patrick Leahy in the legislative history, this amendment was made to protect against situations such as this, where "the United States will be forced to forego a complete and thorough investigation of the merits of a qui tam relators' allegations in order to expedite a filing so as not to have an action foreclosed upon due to the statute of limitations." S. Rep. No. 110-507, 110th Cong., 2d Sess. (2008).2
> 31 U.S.C. § 3731(c) ensures that the Government—the real party in interest—ultimately has control over its own case, including what claims and defendants it will pursue, even where it might otherwise be hamstrung by a relator's defective pleading. *See U.S. ex rel. Robinson-Hill v. Nurses' Registry & Home Health Corp*., 2012 WL 4598699, at *5 (E.D. Ky. Oct. 2, 2012); *see also U.S. ex rel. Landis v. Tailwind Sports Corp*., 51 F. Supp. 3d 9, 33 (D.D.C. 2014).  Because this is an intervened case, the Government may avail itself of this provision without the necessity of a Rule 15 analysis.

[Reply brief at 2-3](citations omitted).

---

[1] This court notes that Mitias Orothopaedics, PLLC was, in fact, named as a defendant in the original complaint, and it appears that this may have led to the oversight in failing to name Mitias personally.

In response, Mitias argues that § 3731(c) only applies to the addition of new claims, not new defendants, but he cites no actual authority for this proposition. [Reply brief at 6-7]. In fairness, the government's own briefing appears to be lacking in specific authority on this issue as well, and this constitutes good reason to reserve ruling on this issue of law until trial. In this vein, this court specifically requests that each side research this issue and attempt to find authority clarifying whether or not § 3731(c)'s relation-back provision applies to new defendants added to a lawsuit. It should be unsurprising that this court has been unwilling to rush into a ruling on these issues in the absence of such authority, since its practice, whenever possible, is to rule based upon actual authority, instead of mere guesses regarding what the law might be. It appears to the court that the government *may* have a reasonable interpretation of the statute, since it is not clear why a statute which was clearly designed to protect its right to intervene would have a scope which is narrower than that set forth in Fed. R. Civ. P. 15. At the same time, this court would have due process concerns if § 3731(c)'s relation-back provision were to apply to new defendants even in the absence of the notice and knowledge factors discussed in Rule 15(c)(1)(C). Both sides thus appear to have reasonable arguments in this context, and this court is, at this juncture, simply undecided regarding how it should interpret and apply § 3731(c) in this case.

It is undisputed that Rule 15(c)(1)(C) allows the addition of new parties under certain circumstances, providing that:

> An amendment to a pleading relates back to the date of the original pleading when: (1)(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15 thus allows for the addition of new defendants, but only in cases where, *inter alia*, the defendant in question "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." The defendant's knowledge that, but for a mistake, he was the correct defendant is thus of crucial importance in this context, and, as noted previously, this court harbors considerable skepticism regarding Mitias' asserted lack of knowledge in this context. In so stating, this court notes that the government specifically provided Mitias with written notice of the claims against him on December 8, 2017, which it describes in its brief as follows:

> Relator filed his complaint on July 31, 2015. After investigating the allegations, the Government determined that Relator had made a mistake and that Dr. Mitias was an appropriate defendant in this case, and so it sent a letter to "Dr. Hanna Michael Mitias," personally, stating "[t]he purpose of this letter is to notify you (Defendant) have been named as a defendant in a qui tam action under the federal False Claims Act, 31 U.S.C. " 3729-3733." See Exhibit A. The letter also notified Dr. Mitias of the allegations being raised against him, including that "Defendant used and administered generic medications and charged Medicare for the 'branded' FDA authorized version of those drugs." Id.
> Dr. Mitias admits that since December 8, 2017, he was on notice that he was an intended defendant. See Dkt. 265 at 12 fn.2; see also id. at 14 ("Dr. Mitias, still (wrongly) believing he was a named defendant…"). This was not only within the Rule 4(m) period, but within the statute of limitations period.

[Brief at 12].

This court is tentatively inclined to agree with the government's argument that Rule 15(c)(1)(C)'s knowledge requirement was met as of December 8, 2017, particularly since defendants themselves acknowledged in their summary judgment briefing that Mitias believed that he was, in fact, a named defendant as of that date. Specifically, defendants argued in their summary judgment briefing that:

> It was not until December 8, 2017, that Dr. Mitias was notified by the U.S. Attorney that a qui tam action had been filed. . . . In this notice, the U.S. Attorney misinformed Dr. Mitias that he was the defendant in the qui tam action, when in fact, the only named

4

defendant was Mitias Orthopaedics, PLLC. (See USAO Letter, Ex. "P"). After this notification, Dr. Mitias hired counsel.

[Summ. Judg. Brief at 12]. Mitias thus acknowledges that he fully believed that he was a defendant in the still-sealed complaint as of December 2017, and he asserted in his summary judgment brief that he only learned years later that he had not been personally named as a defendant in the original complaint. *Id.*

Most important, from this court's perspective, is the fact that Mitias acknowledges that he actually retained counsel after receiving the December 2017 letter and litigated this action for years as if he were, in fact, a named defendant. Under these circumstances, this court is inclined to conclude that Mitias both "(i) received such notice of the action that [he] will not be prejudiced in defending on the merits" and "(ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C). Indeed, it strikes this court that Mitias' statute of limitations defense is based less upon actual prejudice and more upon a rather technical legal argument regarding the language of a complaint which he had never seen. Regardless of the language of the original complaint, Mitias clearly acted based on the assumption that he was a named defendant in this case, and this court is therefore inclined to conclude that, under these circumstances, the requirements of Rule 15(c)(1)(C) are met, at least as of December 8, 2017.

Even assuming that this court reaches this conclusion at trial, it would be very helpful if the parties would provide it with *specific authority* regarding the implications of such. This court notes that, in his brief, Mitias argues that:

> If the Court determines that the Relator did make a mistake in omitting Dr. Mitias from the Complaint and that the Government's letter to Dr. Mitias constitutes notice, the statute of limitations would still apply to any claims against Dr. Mitias that occurred six years before the December 8, 2017 letter, i.e., any claims against Dr. Mitias from 2008 to December 8, 2011.

5

[Reply brief at 14]. While this does not strike this court as being an unreasonable argument on its face, notably missing from it is any *actual authority* confirming that this is the correct manner in which Rule 15(c)(1)(C) should be applied. It is unclear to this court whether the December 8, 2017 date of the letter should, in fact, be the key date for purposes of the six-year statute of limitations or whether the filing of original complaint might instead be dispositive in this regard. This is the kind of fundamental issue which should be clarified in briefing supported by authority on point, and, once again, defendant should not be surprised that this court has been unwilling to rush into a ruling on these issues based upon mere assertions of what the law in this context is.

This court notes that, purely from a fairness perspective, using December 8, 2017 as the key date for statute of limitations purposes has considerable appeal to it, since it represents a "middle ground" of sorts which appears to effectively balance the interests of the government and Mitias in this context. In his motion for reconsideration, Mitias makes frequent reference to attempts to settle this case, and this court suggests that using December 8, 2017 as the key date may represent a potential path forward in this regard. Considering the extremely large damages available in FCA actions (many of them mandatory), this would still allow the government to obtain a large recovery in this case, while (presumably) leaving Mitias facing something less than complete financial ruin. While this court regards many of Mitias' actions in this case as being quite suspect, it believes that the government would be well advised to consider whether the greater interests of justice require the imposition of the harshest financial sanctions arising out of violations of the rather vague regulatory and billing provisions which exist in this context.

Regardless of the settlement prospects of this case, it should be apparent that this court is not in a position to grant defendant's motion for partial summary judgment at this time, and it will be disinclined to do so until such time as the parties have presented it with more extensive

authorities regarding the correct application of the statute of limitations than they have done to date. Accordingly, this court strongly suggests that the parties conduct additional research on these issues and submit supplemental trial briefing supported by authority on point so that it might eventually reached an informed ruling on these issues at trial. With this caveat, the motion to reconsider will be denied.

    This, the 14th day of April, 2022.

/s/ Michael P. Mills
U.S. DISTRICT COURT