IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA,
ex rel. KEVIN GRAY                                                                                PLAINTIFF

VS.                                                                   CIVIL ACTION: 3:15-CV-000127-MPM-JMV

MITIAS ORTHOPAEDICS, PLLC,
and HANNA M. MITIAS, M.D.                                                                        DEFENDANTS

### ORDER

Defendants have filed a motion to temporarily seal records in this case, in which they request that this court temporarily seal "Defendants' Motion to Enforce the Settlement Agreement and for a Temporary Restraining Order and Preliminary Injunction, and supporting memorandum, the United States' response thereto, Defendants' Reply brief, and any other related filings pending a judgment on the merits." [Brief at 1]. In so moving, defendants request "that the records be sealed pursuant to L.U.Civ.R. 79(3)(B)(2), so that the relevant records are sealed from any access by the public, with CM/ECF access permitted to the litigants' counsel." *Id.*

It is well settled that ""[i]n exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Wayeynberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Public access to judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better

1

perception of its fairness." *Id.* at 850 (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). However, a court must consider "relevant facts and circumstances of the particular case." *Id.* at 849 (quoting *Nixon*, 435 U.S. at 599).

With these standards in mind, this court finds defendants' stated reason for sealing the records to be quite underwhelming. Specifically, defendants argue that "[i]t is necessary to seal the requested judicial records because Defendants are seeking, in part, a Temporary Restraining Order (TRO) and other injunctive relief in their Motion to Enforce – the purpose of which would be defeated if the public had access to the parties' motions, briefings, and any Court orders on the specific topic at issue." *Id.* at 2. In the court's view, these stated reasons are insufficient to overcome the public's interest in open judicial records, and the motion to seal will therefore be denied.

So ordered, this, the 9th day of February, 2023.

/s/ Michael P. Mills
U.S. DISTRICT COURT

2